Bonner *v.* Cross County Rice Company.

Opinion delivered April 29, 1918.

1. Contracts—Bond—Release of property.—A company sued to confirm title to certain lands, and certain interested parties exe-

cuted to appellant, who was also interested in the land, a bond in a sum equal to appellant's claim of interest in the land, conditioned upon the performance of the judgment of the court, *held* the bond and the personal liability of its signers was substituted for appellant's claim on the land.

2. CONTRACTS—BOND—RELEASE OF LAND—RESULT.—In an action to confirm title to lands, it is not proper to charge defendant with expenses pertaining to the land, after his equitable interest has passed to the plaintiff.

Appeal from Cross Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Brundidge & Neelly,* for appellant.

1. The court erred in holding that the bond was in the nature of a supersedeas bond and that Bonner still had an interest in the lands. The purpose of the bond was to release the lands from the suit and permit their disposal to a purchaser and was given for Bonner's protection, and he was to look to the bondsmen personally.

2. It was error to allow Johnston 8 per cent. interest. Parol testimony was not admissible to vary a written contract. 90 Ark. 218; 92 *Id.* 504; 80 *Id.* 505; 83 *Id.* 105; 120 *Id.* 366.

3. There was error in finding the amount due Johnston. The judgment should be reversed with directions to refer to a master to state an account and that appellant have judgment for one-third of the market value of the lands, after deducting the cost price with 6 per cent. interest.

*Mann, Bussey & Mann,* for appellees.

1. Johnston was a trustee and has acted fairly and squarely. His statement of receipts and expenses is correct and shows all items of debit and credit. He exercised care and prudence in the execution of the trust. His accounts are correct. 3 Pomeroy on Eq. § 1070.

Bonner put no money in the property and assumed no risk and is seeking an undue advantage.

2. There was no error in allowing 8 per cent. interest.

3. The legal status of the parties is stated in 113 Ark. 54.

4. The purpose of the bond was merely to protect Bonner from loss by reason of sales made. It does not divest him of his title, but stands in lieu of the lands sold by Johnston. It is like a supersedeas bond. The lands brought a fair price. No improper charges are made nor are the amounts unreasonable. There is no reason for the appointment of a master. Johnston's statement is correct and the decree should be affirmed.

HUMPHREYS, J. This cause was before the court for consideration on former appeal and is reported at page 54, vol. 113, Arkansas Reports. The original pleadings in the case were fully set out in the statement of the court in the former opinion, so we deem it unnecessary to set them out again. The court was called upon at that time to determine whether the contract for the purchase and sale of the land entered into between S. D. Johnston, A. W. Bonner, and C. L. Sharp gave Bonner an interest in the lands, or merely in the profits after the lands were sold. The contract was construed as giving the three parties a joint interest in the property. It was held that by the terms of the contract Bonner acquired an equitable interest in the lands, and that under the allegations of the bill Johnston held the legal title in trust for the benefit of himself and two associates. The trial court had construed the contract as giving Bonner an interest only in the profits from the sale of the lands, and, on account of the erroneous construction placed upon the contract by the trial court, the decree canceling the contract and quieting the title in the Cross County Rice Company was reversed, and remanded for further proceedings not inconsistent with that opinion. Upon the remand of the case, answer was filed by the Cross County Rice Company, denying all the material allegations in Bonner's cross-bill, and alleging that the value of the land was insufficient to liquidate the liens for purchase money, interest and taxes, and requesting the sale of the

lands for that purpose.    Thereupon Bonner filed an amendment to his cross-bill, alleging that the Cross County Rice Company and certain of its directors and stockholders, naming them, being desirous of selling said real estate free from his claim, bound themselves by bond to pay him the value of such interest as he might have in the lands, to be thereafter determined by the court, in consideration of which he released his interest in the property.    He made the bond a part of his cross-bill.    The bond is as follows:

"Whereas, in the above entitled cause A. W. Bonner claims to have an interest in the following described lands, to-wit: All section twenty-five (25); east half of section twenty-six (26); northwest quarter of section twenty-six (26); east half of section twenty-nine (29); southwest quarter of section twenty-nine (29); east half of the northwest quarter of section twenty-nine (29); east half of the southeast quarter of section thirty (30); east half of section thirty-one (31); all of section thirty-two (32); and the north half of the north half of section thirty-five (35); all being in township nine (9), north, range one (1) east, and situated in Cross County, Arkansas; and

"Whereas, a decree has been rendered in this cause by the chancery court at the May term, 1913, adverse to the claim of the said A. W. Bonner, said decree holding that the said A. W. Bonner has no interest in the said above described real estate, from which holding the said A. W. Bonner has prayed an appeal to the Supreme Court; and

"Whereas, it has been agreed between the parties hereto that, upon the making of a bond signed by the plaintiff and all the stockholders thereof, that the said lands above described be released from any claim of the said A. W. Bonner and that in case of reversal of the decree herein, that he will look only to the bond hereby given for any claim which the said A. W. Bonner *et al.* may have against the said lands herein mentioned and described, but the same shall in no way affect the rights

of the said A. W. Bonner to bring suit against said individuals for damages for breach of contract.

"Now, therefore, know all men by these presents: That the Cross County Rice Company, a corporation, as principal, and S. D. Johnston, F. D. Rolfe, J. L. Hare, B. F. Hamilton, J. C. Hurt, E. L. Burke and O. N. Killough, for and in consideration of the sum of one dollar to us cash in hand paid and the other consideration above mentioned to release any or all claim of the said A. W. Bonner to the title to any of the lands above mentioned, do hereby bond ourselves in the sum of twenty-three thousand dollars, the same being the value of the interest in said lands as valued by the said A. W. Bonner, to perform the judgment of the court in this cause by paying to the said A. W. Bonner any sum or sums which may be decreed to him and which shall be decreed to be a lien upon the above lands.

"Witness our hands this 19th day of July, 1913."

Bonner prayed that the signers of the bond be made parties, so that a personal judgment might be rendered against them for the value of his interest in the lands. Answers were filed by all the parties, denying the material allegations in the original and the amended cross-bill, and it was alleged that Bonner still owned an undivided one-third interest in the lands, subject to the payment of advances for purchase money, taxes, etc., and that the bond did not have the effect of substituting the personal liability of the bondsmen for his interest in the lands. The answers collectively set out the amounts expended in the purchase of the property, including interest, expenses and taxes; also set out the amounts that had been received for the lands sold, and requested that the lands be sold to pay the amounts advanced by Johnston, as purchase money, for taxes, expenses, etc., and that if any surplus remained that same be divided, one-third to Bonner and two-thirds to the Cross County Rice Company. The court heard the cause upon the pleadings, exhibits thereto, an agreement or stipulation showing the amounts advanced by Johnston on the lands on

April 23, 1910, and the evidence adduced at the trial, from which he found that the sale made by S. D. Johnston, on the 11th day of July, 1912, to F. D. Rolfe, was void, and that the conveyance from F. D. Rolfe and wife, on the 30th day of July, 1912, to Cross County Rice Company, was void insofar as the same undertook to convey the interest of A. W. Bonner in said lands, that A. W. Bonner owned an undivided one-third and the Cross County Rice Company two-thirds interest in the unsold lands, subject to the mortgage lien in favor of the Missouri State Life Insurance Company, and to a lien for $2,894.35 in favor of S. D. Johnston for money advanced by him for the purchase of the lands and expenses and taxes in holding same. Based upon the findings, a decree for the sale of the unsold lands was entered, subject to the mortgage of the Missouri Life Insurance Company, for the purpose of first paying S. D. Johnston for advances, and for a division of any surplus in proportion of one-third to Bonner and two-thirds to the Cross County Rice Company. From the decree an appeal has been prosecuted to this court.

The trial court treated the bond set up in the amended cross-bill of Bonner as a supersedeas bond, executed as a protection to Bonner, for liens on account of sales of lands made prior to the execution thereof and that might be made before a determination of the suit. This construction of the bond is challenged by the appeal. It is contended by appellant that the execution and acceptance of the bond effected the release of Bonner's interest in the land and substituted for his protection the personal liability of the bondsmen in lieu of the land. The bond recites, in substance, the contention between the parties as to whether Bonner had any interest in the lands; and that the issue between them was then pending in the Supreme Court for adjudication. The bond then contains the following clause:

"* * * For and in consideration of the sum of one dollar to us cash in hand paid and the other consideration above mentioned to release any and all claim of the said

A. W. Bonner to the title to any of the lands above mentioned, do hereby bind ourselves in the sum of $23,000, the same being the value of the interest in said lands as valued by the said A. W. Bonner, to perform the judgment of the court in this case by paying to the said A. W. Bonner any sum or sums which may be decreed to him and which shall be decreed to be a lien upon the above lands.''

We think the proper interpretation of this clause, when read in connection with the issue involved in the case, as set forth in the bond, is that Bonner released all claim to title in the lands which might be adjudged to him by the court in consideration for the personal liability of the bondsmen to pay him the value thereof, not to exceed $23,000. We think the purpose and effect of the bond was to enable the Cross County Rice Company to sell and convey the land free from any claim by bond. The Cross County Rice Company had obtained a favorable construction of the original contract from the trial court and had no occasion whatever to execute a bond for the purpose of superseding the judgment. The only purpose for executing the bond was to eliminate Bonner's interest in the land, if it should ultimately be decided that he had any interest in the land itself. There is no uncertainty or ambiguity in the language of the bond. It clearly and explicitly expresses the intent of the parties.

It follows from this construction of the bond that the court also erred in taxing Bonner with outlays in connection with the land after the date of the bond. On that date, Bonner's equitable interest in the land passed by contract to the Cross County Rice Company, and it was improper to charge him with expenses and expenditures pertaining to the land after the date of the bond.

It is unnecessary for us to discuss the rate of interest charged by appellees for expenses and advances, for it is conceded by appellees that only 6 per cent. can be charged under the contract.

The parties have agreed by stipulation on the amount advanced by Johnston on account of the lands, to April

23, 1910, as well as on the amounts still owed by him on the lands for purchase money.

In order to ascertain the correct charge against Bonner on account of the purchase price of, and expenses incident to holding the lands, it will be necessary to ascertain the advances and interest thereon made by Johnston between that date and the date of the bond. Interest should also be allowed Johnston on his advances, as shown by the stipulation, from the date of the stipulation to the date of the bond.

Under the construction placed by the chancellor upon the bond, it was unnecessary for him to ascertain the market value of the lands yet unsold, and he did not do so. In keeping with his construction, he ordered a sale of the lands for the purpose of liquidating the liens and advances made in the purchase of the land and for the purpose of dividing the surplus between the parties. Under the construction placed upon the bond by this court, it will be necessary to ascertain the market value of the lands from the evidence in the record already made, and to deduct therefrom the total amount of the advances and indebtedness against the lands, at the date of the bond, in order to ascertain the value of Bonner's interest in the lands at that time.

For the errors indicated, the decree is reversed and the cause remanded for further proceedings in accordance with this opinion.